Holland v. Chubb Am. Serv. Corp.    CV-95-201-SD  11/19/96
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


In re: Burns, Bryant, Hinchey
  Cox & Rockefeller                    Misc. No. 95-32


Jay Holland

     v.                                Civil No. 95-201-SD

Chubb America Service Corporation


                          O R D E R


     The firm of Burns, Bryant, Hinchey, Cox & Rockefeller, P.A.
("the firm"), has moved, generally and specifically, for recusal
of this judge from all pending or future litigation in this court
in which the firm has appeared or may appear.

     Apparently grounded on 28 U.S.C. § 455,[1] the motion relies
on the decisions of the court in the course of litigation in the
dcase captioned Irving v. United States.[2]  The firm posits that

---

[1]The only portion of 28 U.S.C. § 455 which appears relevant
to these proceedings is subsection (a), which provides, "Any
justice, judge, or magistrate of the United States shall
disqualify himself in any proceeding in which his impartiality
might reasonably be questioned."

[2]The history of the Irving case is to be found at 49 F.3d
830 (1st Cir. 1995), and in the more recent cogent opinion of
Judge McAuliffe, No. 81-501-M, Aug. 29, 1996.  It will not
therefore be here repeated.

the court, having ruled against its client in the course of such decisions, must recuse itself from all unrelated litigation.

The well-established standard in the First Circuit for determining whether a judge's impartiality might reasonably be questioned is stated to be "'whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself, or even necessarily in the mind of the litigant filing the motion under 28 U.S.C. § 455, but rather in the mind of the reasonable man.'" United States v. Voccola, No. 96-1182, slip op. at 9 (1st Cir. Nov. 5, 1996) (citing and quoting United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976), cert. denied, 430 U.S. 909 (1977). Of course, there must be a factual basis for the claim that there appears to be a lack of impartiality. Id. (citing United States v. Lopez, 944 F.2d 33, 37 (1st Cir. 1991); United States v. Giorgi, 840 F.2d 1022, 1035 (1st Cir. 1988)).

It is the general rule that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, it is recognized "that a judge's prior judicial experience and contacts need not, and often do not, give rise to reasonable questions concerning impartiality." Id. at 562 (concurring

2

opinion of Kennedy, J.).

Nevertheless, it is apparent to the court that the firm believes that this judge cannot impartially sit upon or decide any cases in which the firm appears. This turn of events is unfortunate, impinging as it does on the efficient administration of the civil docket and imposing additional burdens on my judicial colleagues.

On balance, however, the court finds that the firm is entitled to the ruling sought, as its clients may sincerely feel that adverse rulings in an unrelated case raise the requisite doubt "in the mind of the reasonable man."

The motion for recusal is therefore granted, with reference to all pending and future cases in which the firm appears. Insofar as is possible, the clerk is requested to make such transfer of future assignments as are necessary to equalize the civil workload of the judges of the court in accordance with the current litigation assignment formula.

SO ORDERED.

                           _____
                           Shane Devine, Senior Judge
                           United States District Court

November 19, 1996

cc:  Christine M. Rockefeller, Esq.
     Debra Weiss Ford, Esq.